UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHASTA PRINCE<br>11072 Leader Road<br>Chardon, Ohio 44024<br><br>on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOY'S PLACE, INC.<br>c/o Statutory Agent<br>HEATHER WEIKUM<br>6410 State Route 322<br>Windsor, Ohio 44099<br><br>and<br><br>JOY BLACK<br>12222 Mayfield Rd.<br>Chardon, Ohio 44024<br><br>Defendant. | CASE NO.<br><br>JUDGE:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Shasta Prince, on behalf of herself and others similarly situated, by and through undersigned counsel, and for her Complaint against Defendant Joy's Place, Inc. ("Joy's Place" or "Defendant") states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, including overtime compensation for all hours worked over 40 hours in a workweek, in violation of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 201-219 and Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §4111.01 et seq.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its corporate office at 12222 Mayfield Rd., Chardon, Ohio 44024.

4. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a resident of Geauga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and O.R.C.§4111.03(D)(3).

7. At all times relevant herein, Defendant maintained its principal place of business in Geauga County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and O.R.C. §4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the manufacturing of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the manufacturing of goods for commerce within the meaning of 29 U.S.C. § 206-207.

**FACTUAL ALLEGATIONS**

12. Defendant operates assisted living facilities in Geauga County.

13. Defendant employed Plaintiff as a direct-care assistant in January 2023 until July 2023.

14. Other similarly situated employees were employed by Defendant as direct-care assistants.

15. Defendant classified Plaintiff and other similarly situated manufacturing employees as non-exempt and paid them an hourly wage.

16. Defendant subjected Plaintiff and other similarly-situated employees to the same policies, practices and procedures, including pay policies, practices, and procedures.

**(Failure to Pay for All Hours Worked)**

17. Defendant required direct-care employees to be at the facility at least fifteen minutes prior to the start of their shift.

18. Plaintiff and other similarly situated direct-care employees started working as soon as they arrived at work if a resident needed attention such as getting drinks, turning on a television, or help getting dressed.

19. Plaintiff and other similarly situated direct-care employees were required to stay after their scheduled shift end times in order to complete client care or to complete a shift change report.

20. Plaintiff and other similarly situated direct-care employees filled out hand-written timecards. The timecards only tracked the scheduled start and end times of the schedules and did not reflect actual start and stop times.

21. Plaintiff and other similarly situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the work performed before and after their scheduled start and stop time.

22. The time Plaintiff and other similarly situated employees spent taking care of clients before and after scheduled shifts was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

23. The amount of time Plaintiff and other similarly situated employees spent on this required and unpaid work amounted to approximately 20 to 30 minutes each day.

24. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all the time they worked, including all of the overtime hours they worked over 40 each workweek.

25. Defendant was aware that employees were performing unpaid pre and post shift work because they required them to do it and supervisors observed the employees perform the unpaid work.

26. Defendant also maintained a policy and practice of not paying overtime compensation. For example, Plaintiff was paid her regular rate of pay, without an overtime premium, for 102 hours worked between February 1, 2023 and February 15, 2023.

27. Plaintiff is personally aware that this policy and practice was applied to other direct-care employees in addition to herself.

**COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b) and O.R.C. §4111.10(C), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

29. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current direct care employees of Joy's Place, Inc., including those performing the same and/or substantially similar job duties and/or responsibilities between August 8, 2020 and the present.

30. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 50 persons.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) and O.R.C. §4111.10(C) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

32. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b) and O.R.C §4111.10(C), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action pursuant to Civ. R. 23(A) and (B)(1) and (3) on behalf

of herself and a class of persons employed by Defendant in Ohio within the last three years defined as:

> All former and current direct-care employees of Joy's Place, Inc., including those performing the same and/or substantially similar job duties and/or responsibilities between August 8, 2020 and the present.

34. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of more than 100 people.

35. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from Defendant's records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this action, the Class Members' names and addresses are readily available from Defendant. Notice can be provided by means permissible under Civ. R. 23.

36. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

37. Plaintiff and the Class Members are and/or were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages.

38. Plaintiff and the Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with Article II § 34a of the Ohio Constitution.

39. Plaintiff and the Class Members have all been injured in that they have been under- compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected Plaintiff and the Class Members

similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to Plaintiff and to each of the Class Members.

40. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

41. Plaintiff is able to fairly and adequately protect the interests of the Class Members and has no interests antagonistic to the Class Members.

42. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

44. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

45. Because the losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.

46. On the other hand, important public interests will be served by addressing the matter as a class action.

47. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

48. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.

49. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. This action is properly maintainable as a class action under Civ. R. 23.

51. Common questions of law and fact exist as to the Class Members that predominate over any questions only affecting Plaintiff and the Class Members individually and include, but are not limited to, the following:

    (a)    Whether Defendant violated Article II § 34a of the Ohio Constitution;

    (b)    Whether Defendant paid Plaintiff and the Class Members at the proper minimum wage for all hours worked; and,

    (c)    Whether Defendant failed to pay all wages due to Plaintiff and the Class Members within 30 days of their regularly scheduled payday.

## COUNT ONE
### (Fair Labor Standards Act Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

54. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

55. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

56. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damages in that they have not received wages due to them pursuant to the FLSA.

### COUNT TWO
### (Violations of Ohio Revised Code §4111.01)

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Defendant's practice and policy of not paying Plaintiff and others similarly situated direct care employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek violated OMFWSA, O.R.C. §4111.03.

59. By failing to pay Plaintiff and other similarly situated direct care employees overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, O.R.C. §4111.03.

60. As a result of Defendant's policies and practices, Plaintiff and other similarly situated direct care employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b) and O.R.C. §4111.10, to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid wages;

D. Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ *Robert B. Kapitan*
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022

Phone: 216-696-5000
                    Facsimile: 216-696-7005
                    robert@lazzarolawfirm.com
                    anthony@lazzarolawfirm.com
                    lori@lazzarolawfirm.com
                    Attorneys for Plaintiff

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all eligible claims and issues.

                     /s/ *Robert B. Kapitan*
                    One of Plaintiff's Attorneys